IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CLIFFORD B. HUBBARD,           )     MC 19-00333 LEK-KJM
                               )
     Petitioner-Applicant,     )
                               )
          vs.                  )
                               )
THE UNITED STATES OF AMERICA,  )
                               )
          Respondent.          )
_____)


**ORDER DISMISSING PETITION FOR POST-CONVICTION PRESERVATION
AND DNA TESTING OF EVIDENCE AND RELATED MATERIAL FILED
SEPTEMBER 6, 2019 [DKT. NO. 1], AND DENYING AS MOOT
THE APPLICATION FOR WRIT OF HABEAS CORPUS AD
TESTIFICANDUM FILED SEPTEMBER 6, 2019 [DKT. NO. 6]**


        Petitioner Clifford B. Hubbard ("Hubbard") seeks post-

conviction preservation and deoxyribonucleic acid ("DNA")

testing pursuant to 18 U.S.C. § 3600, which is also known as the

Innocence Protection Act of 2004.  See Petition for Post-

Conviction Preservation and DNA Testing of Evidence and Related

Materials ("Petition"), filed 9/06/19 (dkt. no. 1).  Because

Hubbard is currently in custody at the Holmes Corrections

Institution in the State of Florida, he also applies for a writ

of *habeas corpus ad testificandum* in order to secure his

physical presence in Hawai`i to assist in his legal defense.

See Application for Writ of *Habeas Corpus Testificandum*

("Application"), filed 9/06/19 (dkt. no. 6).  On September 20,

2019, after its review of the Petition and Application, this Court stated that it was inclined to dismiss the Petition on the grounds of lack of jurisdiction and/or improper venue and therefore directed Petitioner to file a supplemental memorandum. [Minute Order, dated 9/20/19 (dkt. no. 7).]  Hubbard filed his supplemental memorandum on October 4, 2019 ("Hubbard's Supplemental Memorandum").  [Dkt. no. 9.]  Respondent United States of America ("the Government") was ordered to file a responsive memorandum and did so on December 18, 2019 ("Response").  [Dkt. no. 14.]  Hubbard requested and was granted leave to file a reply memorandum which was filed on February 14, 2020.  [Dkt. no. 18.]

The Court concludes that it lacks subject matter jurisdiction because Hubbard was convicted of offenses under the Uniform Code of Military Justice by a court martial tribunal and not felony offenses in a federal district court, and thus dismisses the Petition and denies the Application as moot.

## BACKGROUND

After a general court-martial trial held in 1982 at Fort Shafter, Hawai`i, Hubbard "was found guilty of unpremeditated murder, felony murder, attempted sodomy, and indecent acts with a child." See Mem. in Supp. of Petition at 14 (citations omitted).  He was subsequently sentenced to life in prison and, on appeal, his conviction of unpremeditated

2

murder was dismissed but the remaining convictions and sentence of life imprisonment were affirmed by the United States Court of Military Appeals.  Id.  Hubbard petitioned the United States Supreme Court on a writ of certiorari which was denied.  Id. Hubbard has filed two petitions for habeas relief, both in the federal court in the District of Kansas and which have been denied.  Id. at 14-15.  These denials have been affirmed on appeal and his subsequent petition for writ of certiorari has been denied.  Id.

Hubbard now seeks to challenge his conviction through DNA testing pursuant to § 3600.

### DISCUSSION

The key issue raised appears to be one of first impression – does the Innocence Protection Act of 2004, enacted to include § 3600, apply to a conviction by a military court-martial tribunal?  Simply put, is a military offense the equivalent of "a Federal offense" as referred to in § 3600?  If not, then this Court lacks subject-matter jurisdiction and the Petition must be dismissed.  "[C]ourts, . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)(citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).

Hubbard argues that § 3600 does indeed apply to him because, by analogy, a federal military prisoner is permitted to file a petition for writ of *habeas corpus* in federal district court regarding a court-martial conviction.  <u>See</u> Hubbard's Suppl. Mem. at 3 (citations omitted).  The Government concludes otherwise and argues that "**[m]litary** offenses . . . are not **Federal** offenses for purposes of [§ 3600]."  Response at 5 (emphasis in original).

"'[T]he starting point for interpreting a statute is the language of the statute itself.'"  <u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 25 (1989) (quoting <u>Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.</u>, 447 U.S. 102, 108 (1980)).  "If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive."  <u>Reves v. Ernst & Young</u>, 507 U.S. 170, 177 (1993) (citations and internal quotation marks omitted).  If the language is not dispositive, then the Court must examine congressional intent "revealed in the history and purposes of the statutory scheme."  <u>Adams Fruit Co. v. Barrett</u>, 494 U.S. 638, 642 (1990) (citations omitted).  With this guidance in mind, the Court turns to the pertinent text of § 3600:

>             (a) In general.--Upon a written motion by an
>             individual sentenced to imprisonment or death
>             pursuant to a conviction for a Federal offense

4

(referred to in this section as the "applicant"), the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all of the following apply:

   (1) The applicant asserts, under penalty of perjury, that the applicant is actually innocent of—

      (A) the Federal offense for which the applicant is sentenced to imprisonment or death; or

      (B) another Federal or State offense, if—

         (i) evidence of such offense was admitted during a Federal sentencing hearing and exoneration of such offense would entitle the applicant to a reduced sentence or new sentencing hearing; and

         (ii) in the case of a State offense—

            (I) the applicant demonstrates that there is no adequate remedy under State law to permit DNA testing of the specified evidence relating to the State offense; and

            (II) to the extent available, the applicant has exhausted all remedies available under State law for requesting DNA testing of specified evidence relating to the State offense.

   (2) The specific evidence to be tested was secured in relation to the investigation or prosecution of the Federal or State offense referenced in the applicant's assertion under paragraph (1).

5

Section 3600(a)(1)–(2).

Section 3600 does not define the term "Federal offense" and thus it is unclear from the statute's language whether Congress intended this term to include a military offense. Legislative history for § 3600 is likewise silent as to what Congress meant by "Federal offense" as used in this law. However, all is not lost. Statutory construction rules provide for casting a wider net and examining how that term is used in different parts of the same act:

> The 1933 Act, like every Act of Congress, should not be read as a series of unrelated and isolated provisions. Only last Term we adhered to the "normal rule of statutory construction" that "identical words used in different parts of the same act are intended to have the same meaning." Department of Revenue of Ore. v. ACF Industries, Inc., 510 U.S. 332, 342 (1994) (internal quotation marks and citations omitted); see also Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 230 (1993); Atlantic Cleaners & Dyers, Inc. v. United States, 286 U.S. 427, 433 (1932).

Gustafson v. Alloyd Co., 513 U.S. 561, 570 (1995).

The Justice for All Act of 2004, as the Government points out, also included 18 U.S.C. § 3600A of the Innocence Protection Act of 2004. See Justice for All Act of 2004, Pub.L. No. 108-405, Title IV, § 411(a)(1), 118 Stat. 2260, 2283-84 (2004) (codified as amended at 18 U.S.C. § 3600A (2016)). This

provision pertains to the preservation of biological evidence.

In pertinent part, it provides:

> (a) In general.--Notwithstanding any other provision of law, the Government shall preserve biological evidence that was secured in the investigation or prosecution of a Federal offense, if a defendant is sentenced to imprisonment for such offense.

Section 3600A(a).  As with § 3600, the term "a Federal offense" is not defined.  However, a related statute does provide clarity.

The DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. §§ 14135-14135e (2001 Supp.)("2000 DNA Act"), which pertains to requiring DNA samples from persons convicted of qualifying felony offenses for inclusion in the Combined DNA Index System ("CODIS"), a national DNA database.  See 42 U.S.C. § 40702 (formerly cited as § 14135a). In 2004, the 2000 DNA Act was amended as part of the Justice for All Act of 2004:

> In October 2004, the United States Congress enacted the [Justice for All Act of 2004], which amended the 2000 DNA Act by expanding the list of qualifying federal offenses for collection of DNA samples to include any felony, any offense under chapter 109A of Title 18, any crime of violence, and any attempt or conspiracy to commit any of those offenses.  Justice For All Act of 2004, § 203, Pub.L. No. 108-405, 118 Stat. 2260 (codified as 42 U.S.C. 14135a(d).

United States v. Hook, No. 04 CR 1045, 2006 WL 5152924, at *1 (N.D. Ill. Jan. 20, 2006).  While the 2000 DNA Act and subsequent amendments do not define what is meant by a "Federal

offense", the 2000 DNA Act also provides for the collection of DNA samples from members of the armed forces who have been convicted of "a qualifying military offense".  2000 DNA Act, Pub.L. 106-546, § 5, 114 Stat. 2726, 2731-32 (2000) (codified as amended at 10 U.S.C. § 1565(a)(1) (2004)).  As with the 2000 DNA Act, the Justice for all Act of 2004 also amended § 1565(d) by expanding the definition of "qualifying military offenses" as follows:

> (c) MILITARY OFFENSES. — Section 1565(d) of title 10, United States Code, is amended to read as follows:
>
> (d) QUALIFYING MILITARY OFFENSES. — The offenses that shall be treated for purposes of this section as qualifying military offenses are the following offenses, as determined by the Secretary of Defense, in consultation with the Attorney General:
>
> > (1) Any offense under the Uniform Code of Military Justice for which a sentence of confinement for more than one year may be imposed.
> >
> > (2) Any other offense under the Uniform Code of Military Justice that is comparable to a qualifying Federal offense (as determined under section 3(d) of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a(d))).

Justice for All Act of 2004, Pub. L. 108-405, Title II, § 203(c), 118 Stat. 2260, 2270.

Section 3600 refers to "a Federal offense" but does not state whether that term excludes or includes "a military

8

offense". However, an examination of the Justice for All Act of 2004 reveals that the statutory scheme contains a marked distinction between these two offenses. Because Congress originally created separate operating statutes for DNA collection from federal offenders and those convicted of military offenses for inclusion in CODIS, and then expanded the definitions of qualifying federal offenses and qualifying military offenses in these separate statutes in the Justice for All Act of 2004, this Court concludes that, under normal statutory construction, the term "a Federal offense" in § 3600(a) has the same definition of that term provided in another part of the Justice for All Act of 2004; namely, 42 U.S.C. § 14135a (now known as 34 U.S.C. § 40702). The pertinent part of that statute provides:

> (d) Qualifying Federal Offenses
>
> The offenses that shall be treated for purposes of this section as qualifying Federal offenses are the following offenses, as determined by the Attorney General:
>
> > (1) Any felony.
> >
> > (2) Any offense under chapter 109A of Title 18.
> >
> > (3) Any crime of violence (as that term is defined in section 16 of Title 18).
> >
> > (4) Any attempt or conspiracy to commit any of the offenses in paragraphs (1) through (3).

Section 40702(d)(1)-(4).  In contrast, a "military offense" is

defined in § 1565(d) as:

> (d) Qualifying military offenses.--The offenses
> that shall be treated for purposes of this
> section as qualifying military offenses are the
> following offenses, as determined by the
> Secretary of Defense, in consultation with the
> Attorney General:
>
>> (1) Any offense under the Uniform Code of
>> Military Justice for which a sentence of
>> confinement for more than one year may be
>> imposed.
>>
>> (2) Any other offense under the Uniform Code
>> of Military Justice that is comparable to a
>> qualifying Federal offense (as determined
>> under section 3(d) of the DNA Analysis
>> Backlog Elimination Act of 2000 (42 U.S.C.
>> 14135a(d)).

Section 1565(d)(1)-(2).  Therefore, as used in the Justice for

All Act of 2004, "a Federal offense" has a different meaning

from and does not include a "military offense".

Hubbard points out the injustice of excluding "men and

women of the United States armed forces who may be factually and

actually innocent from [the protection of the Innocence

Protection Act of 2004]" . . . ."  Reply at 3.  The Court

agrees.  Interpreting § 3600(a) as excluding offenses under the

Uniform Code of Military Justice is at odds with the statute's

overall purpose of providing funding for post-conviction DNA

testing for those who assert their innocence.  But the rules of

statutory construction clearly dictate this harsh and unjust

outcome.  If Congress intended § 3600(a) to apply to Hubbard and others like him who were convicted of an offense under the Uniform Code of Military Justice, it could have included court-martial convictions within the definition of "Federal offense" or, as it did with the 2000 DNA Act, create a counterpart statute for those convicted of military offenses.  It did not. Thus, this Court cannot infer such congressional intent when identical words used in a different part of the Justice for All Act of 2004 make clear that "a military offense", see Justice For All Act of 2004, Pub.L. 108-405, Title II, § 203(c), 118 Stat 2260, 2270 (2004) (codified as amended at § 1565(d) (2004)), is separate and distinct from "a Federal offense", see Justice for All Act of 2004, Pub.L. 108-405, Title II, § 203(b), 118 Stat. 2260, 2270 (2004) (codified as amended at § 40702(b) (2017)).

## CONCLUSION

Hubbard seeks relief pursuant to 18 U.S.C. § 3600 but, because his convictions were by a court martial tribunal, his convictions are not federal offenses.  He does not therefore qualify as an applicant under § 3600.  This Court lacks subject matter jurisdiction and DISMISSES the Petition for Post-Conviction Preservation and DNA Testing of Evidence and Related Material filed September 6, 2019 (dkt. no. 1) on that basis. Further, the Application for Writ of Habeas Corpus Ad

Testificandum filed September 6, 2019 (dkt. no. 6) is DENIED AS

MOOT.

          **IT IS SO ORDERED.**

          DATED AT HONOLULU, HAWAII, April 27, 2020.



                               /s/ Leslie E. Kobayashi
                               Leslie E. Kobayashi
                               United States District Judge

**CLIFFORD B. HUBBARD VS. THE UNITED STATES OF AMERICA; MC 19-00333 LEK-KJM; ORDER DISMISSING PETITION FOR POST-CONVICTION PRESERVATION AND DNA TESTING OF EVIDENCE AND RELATED MATERIAL FILED SEPTEMBER 6, 2019 [DKT. NO. 1], AND DENYING AS MOOT THE APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FILED SEPTEMBER 6, 2019 [DKT. NO. 6]**